IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE JACKSON, | ) |
| Plaintiff, | ) Case No. 09 C 2991 |
| v. | ) Judge Virginia M. Kendall |
| CITY OF ELGIN, DETECTIVE TODD RAMLJAK, CSO TRACEY DYKEMA | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andre Jackson ("Jackson") filed a six-count suit against the City of Elgin ("Elgin"), Detective Todd Ramljak ("Ramljak"), and Tracey Dykema ("Dykema") on August 20, 2009.[1] Count I of Jackson's Amended Complaint alleges excessive force against Ramljak. Count II, alleging unlawful detention, was dismissed by prior Order of this Court on November 20, 2009. Count III alleges Dykema failed to intervene during the altercation with Ramljak, in violation of 42 U.S.C. § 1983. Counts IV and V, alleging state law claims against Ramljak for assault and battery and Elgin's liability through respondeat superior, were dismissed with prejudice by prior Order of this Court on April 16, 2010. Count VI asserts indemnification against Elgin. Three Counts remain: Count I alleging excessive force against Ramljak; Second Amended Count III alleging failure to intervene against Dykema; and Count VI alleging indemnification against Elgin. Defendant Dykema moves to dismiss Jackson's Second Amended Count III of the Amended Complaint. For the foregoing reasons, Dykema's Motion to Dismiss is denied.

---

[1] Jackson's August 20, 2009 Amended Complaint did not list Dykema in the caption, however his Second Amended Count III filed on June 29, 2010 did explicitly list Dykema in the caption.

## BACKGROUND

On July 31, 2007, Jackson was arrested in Elgin, Illinois. (Am. Compl. ¶ 1). At the Kane County Jail, a verbal confrontation ensued between Ramljak and Jackson. (Am. Compl. ¶¶ 2, 3). The confrontation turned physical, and Ramljak put Jackson in a physical hold and forced Jackson to walk to the front of the booking area of the jail, causing Jackson to collide with a public telephone (Am. Compl. ¶¶ 4, 5). Jackson suffered injuries as a result of the confrontation with Ramljak. (Am. Compl. ¶ 8). Dykema witnessed the entire incident and at no point therein did she attempt to intervene, despite a reasonable opportunity to do so. (Am. Compl. ¶ 24). Count III alleges that Dykema is jointly liable in her individual and official capacity for the resultant injuries because she failed to intervene in violation of 42 U.S.C. § 1983. Jackson brought this suit pro se on May 18, 2009, naming only Elgin and Ramljak as defendants, but mentioning Dykema's failure to intervene as part of his Count I against Ramljak. Jackson filed an Amended Complaint on August 20, 2009 that listed, for the first time, a specific count, Count III, against Dykema. On April 16, 2010, this Court allowed Jackson to amend Count III of his Amended Complaint to name Dykema in the caption. The Court granted Jackson's motion for appointment of counsel on May 5, 2010. Jackson was granted an extension of time and filed his Second Amended Count III on June 29, 2010 and issued summons to Dykema on June 30, 2010. Dykema filed a Motion to Dismiss on July 13, 2010.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that if "accepted as true, . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the factual content in the pleadings allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id*. Although 12(b)(6) motions are designed to ensure the sufficiency of the legal basis for a claim, if the facts pleaded show that the suit is barred by the relevant statute of limitations, the plaintiff "may plead itself out of court". *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

## **DISCUSSION**

Dykema moves to dismiss claiming Jackson exceeded the relevant statute of limitation. State law governs the statute of limitations for § 1983 cases, and in Illinois that period is two years. *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). The offense occurred on July 31, 2007 but Jackson did not include a count against Dykema until he filed his Amended Complaint on August 20, 2009. Jackson did not name Dykema in the caption until he filed his Second Amended Count III on June 29, 2010. Dykema argues that the deadline for including her in the body of the Complaint or in its caption passed on July 31, 2009, two years after the alleged offense and before Jackson's Amended Complaint or Second Amended Count III was filed. Dykema also argues that neither relation back under Rule 15 nor equitable tolling applies in this case. Alternatively, Dykema moves to dismiss because Jackson's failure to issue timely summons violates Rule 4(m). It is undisputed that Jackson filed a specific count against Dykema, and named Dykema in the caption, after the statute of limitations expired. Jackson, however, argues that his Amended Complaint and

3

Second Amended Count III, which added a party against whom he was asserting a claim, related back to his Original Complaint and were thus timely filed under Rule 15(c)(1). Dykema's two arguments in favor of dismissal—the inapplicability of Rule 15's relation back exception and Jackson's violation of Rule 4(m)—will be addressed separately.

**I. Rule 15(c)**

Jackson did not timely name Dykema in the caption of his Original Complaint or his Amended Complaint. Therefore his § 1983 claim against Dykema survives only if the filing of his Amended Complaint and Second Amended Count III relate back to the Original Complaint under Rule 15(c). *See e.g.*, *Allen v. City of Chi.*, 2009 WL 4506317 at *3 (N.D. Ill. 2009) (Dow, J.) (naming additional officers in false arrest claim only survives if amended complaint relates back to original). Rule 15(c)(1) provides, in relevant part, that amended pleadings may relate back as if they were filed on the date the original pleading was filed when: the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within 120 days as provided by Rule 4(m), the party to be brought in by amendment (1) received notice of the action so that it will not be prejudiced in defending on the merits and (2) knew or should have known the action would have been brought against it, but for a mistake concerning the party's identity. Fed. R. Civ. P. 15(c); *see also Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). Therefore, the Court must first determine whether Jackson's Second Amended Complaint relates back under Rule 15(c)(1)(B).

    A. <u>Relation Back</u>

Jackson argues that his addition of Dykema in a Count of his Amended Complaint on August 20, 2009, and as a party on June 29, 2010, relate back to his original pleading, which was timely filed

4

within the two year statute of limitations. Under Rule 15(c)(1)(B), "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Here, Dykema was not named as a defendant and no specific counts were alleged against her in Jackson's original May 18, 2009 Complaint. However, the claims against Dykema arose directly out of the occurrence set out in the Original Complaint—Jackson's altercation with Ramljak at the Kane County Jail on July 31, 2007. Therefore, because Jackson's Amended Complaint and Second Amended Count III assert a claim that arose out of the same conduct in the original pleading, Rule 15(c)(1)(B) is satisfied. The Court must next determine if Dykema received notice of the action and if she knew or should have known the action would have been brought against her but for a mistake concerning her identity.

B. Notice

Jackson argues that Dykema was put on notice by his Original Complaint. Rule 15(c)(1)(C)(i) requires the party to be brought into the amended complaint be given notice so it is not prejudiced in defending itself on the merits. *See Woods v. Ind. Univ.-Perdue Univ. at Indianapolis*, 996 F.2d 880, 888 (7th Cir. 1993) ("statute of limitations does not insulate from suit an individual who did not initially receive service (or other notice) in the correct capacity, so long as no prejudice resulted"). Here, Dykema does not allege in her Motion to Dismiss or in her Reply that she was prejudiced in any way by Jackson's delay in service. Dykema was present at the altercation that gave rise to this suit and was identified in the Original Complaint. Moreover, Dykema was named in Count III of Jackson's Amended Complaint on August 20, 2009. As there is no indication that Dykema will be prejudiced by proceeding on the merits, Jackson has met the

notice requirement.

### C. Mistake

"The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] should have known [the defendant's] identity as the proper defendant, but whether [the defendant] knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2493 (2010). Pro se complaints are to be construed liberally, so that those which are "facially meritorious" are given "ample opportunity" to amend them and render them legally viable. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). When the substance of a pro se complaint indicates the existence of claims against individual officials not specifically named in the caption, the district court must provide the plaintiff with an opportunity to amend the complaint. *Id*. "Courts may construe [pro se complaints] as having named defendants who are mentioned only in the body of the complaint." *Id*. at 560. Relation back "on grounds of mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall*, 469 F.3d at 596 (internal citations and quotations omitted); *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) (not knowing a defendant's name is not a mistake under Rule 15 and therefore does not justify relation back); *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 915 (7th Cir. 2000) (trial judge should permit plaintiff to file an amended complaint because he satisfied mistake requirement); *Myles v. U.S.*, 416 F.3d 551 (7th Cir. 2005) (naming and serving defendants is vital; plaintiff who chooses not to amend his complaint must name a party within the period of limitations).

Here, taking Jackson's alleged facts as true, Dykema was present for the altercation and was a critical factor in his suit because her failure to intervene contributed to his constitutional injury.

Jackson not only knew the identity of Dykema, he identified her by name in the body of his Original Complaint. He also specifically described Dykema's failure to intervene and prevent a violation of his constitutional rights, namely Ramljak's excessive use of force. Moreover, Jackson did not use a "John Doe" defendant as a placeholder in his Original Complaint, he simply did not identify any parties beyond Ramljak and Elgin in his caption. Jackson's explicit naming of Dykema in his Original Complaint, and his clear factual allegations against her for her failure to intervene, can thus be construed as having named her in the caption. *See e.g.*, *Yeseta v. Baima*, 837 F.2d 380 (9th Cir. 1988) (repeated references and factual allegations within body of complaint are sufficient to identify the defendant even it if is not named in caption); *Eichwedel v. Rodriguez*, 2000 WL 286809 at *6 (N.D. Ill. 2000) (Pallmeyer, J.) (mentioning but not naming defendants is grounds for dismissal where those defendants did not cause or participate in alleged constitutional deprivation). There are no claims that Jackson deliberately excluded Dykema from the caption of his Original Complaint. *See Krupski*, 130 S. Ct. at 2496 (when original complaint and plaintiff's conduct compel conclusion that failure to name the prospective defendant was the result of a fully formed decision as opposed to a mistake, the requirements of Rule 15(c)(1)(C)(ii) are not met). Therefore, it was reasonable, given the specific facts alleged in Jackson's Original Complaint describing her role in the violation of his constitutional rights, that Dykema should have known she would have been named as a defendant but for Jackson's error.

Because Jackson's Amended Complaint and Second Amended Count III satisfy Rule 15, they relate back to his Original Complaint and are not barred by the applicable statute of limitations.

## II. Rule 4(m)

Dykema argues in the alternative that Jackson's complaint should be dismissed because of his

7

failure to issue summons to her within 120 days of the complaint pursuant to Rule 4(m). Rule 4(m) provides "that if the plaintiff shows good cause for the failure [to serve the defendant within 120 days], the court shall extend the time for service." *Coleman v. Milwaukee Bd. Of Sch. Dirs.*, 290 F.3d 932, 933-34 (7th Cir. 2002) (internal quotations and citations omitted). "[C]ase law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline." *Id*. at 934. Justifiable good cause delay is mandatory while excusable neglect delay is permissive and at the district court's discretion. *Id*. Here, the Court granted Jackson an extension of time first to amend his complaint and later to name Dykema in his caption and serve her with summons. Jackson timely filed his Second Amended Count III and promptly issued summons on Dykema the next day. The Court finds that Jackson's excusable neglect warrants an extension of time and that Jackson has therefore complied with Rule 4(m).

## CONCLUSION AND ORDER

Jackson's Second Amended Count III relates back to his Original Complaint and is not time-barred by Rule 4(m). Therefore, Dykema's Motion to Dismiss is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 8, 2010